## AS TO WHETHER APPEARANCE WAS ENTERED BY THE DEFENDANT.

Court of Appeals for Muskingum County.

H. L. DILLON v. THE CARLISLE GARMENT COMPANY.

Decided, May Term, 1915.

*Defendant Foreign Corporation—Challenges the Jurisdiction of the Court—Defective Affidavit in Attachment*

1. A reviewing court is bound by the record, and where so far as is disclosed by the record the defendant appeared for the sole purpose of challenging the jurisdiction of the court, an entry of appearance can not be claimed, notwithstanding the statements by counsel that other motions were also filed by the defendant.
2. An affidavit for attachment is clearly defective, which does not negative the exceptions found in the statute.

*A. A. George* and *A. J. Andrews,* for plaintiff in error.
*C. T. Marshall,* contra.

HOUCK, J.

This is a proceeding in error from the Common Pleas Court of Muskingum County, Ohio.

The plaintiff in error prosecutes error to this court to reverse the judgment of the court below in dismissing the proceedings of plaintiff in error, the plaintiff below, and holding that the affidavit in attachment was insufficient in law. The affidavit in attachment is as follows:

"IN THE COURT OF COMMON PLEAS OF MUSKINGUM COUNTY, OHIO.

"H. L. Dillon, plaintiff, vs The Carlisle Garment Company, a corporation, defendant.

"State of Ohio, Muskingum County, ss.

"H. L. Dillon upon his oath says that the defendant, the Carlisle Garment Company, is a foreign corporation, and non-resident of the state of Ohio;

"That he has filed simultaneously herewith, his petition praying for judgment in the sum of $500 for breach of contract, for personal services rendered the defendant company, and for money due and owing to plaintiff; that said sum of money is just; that affiant believes plaintiff ought to recover thereon the sum of $500; that there are no offsets or counter-claims to or against the same.

"H. L. DILLON.

"Subscribed in my presence and sworn to before me this 23d day of April, A. D. 1914.

"LEROY H. TALLEY,
"*Clerk of Courts.*"

The plaintiff in error maintains that the affidavit is not only sufficient in law, but insists that the defendant has submitted itself to the jurisdiction of the court by appearing therein by counsel, and thereby has waived any defect in the affidavit, and has submitted itself to the jurisdiction of the court.

A reviewing court must rely wholly and entirely upon the record as presented in each case in all proceedings in error. We find nowhere in the record any appearance of the defendant save

and except to file a motion to set aside service by a pretended publication, and the motion contained the following:

"Now comes the defendant and appearing for the purpose of this motion only, and disclaiming any intention to enter its appearance in this cause, moves the court to set aside the pretended service of summons by publication in this cause, and that the same be held for naught for the following reasons:
*   *   *."

The motion simply challenged the jurisdiction of the court over the person of the defendant, and in no way entered its appearance in said action. The defendant had a right to do this, and in so doing it did not enter its appearance in said action, because the motion was filed for the sole and only purpose of questioning the jurisdiction of the court over its person, and by so doing the defendant in no way entered its appearance in said action.

This doctrine is well established in the case of Long v. Newhouse et al, 57 O. S., pages 368 and 369, wherein Judge Minshall says:

"If a party may at the same time invoke the jurisdiction of a court on the merits of an action, and deny its jurisdiction over his person, it would work great injustice. He could, under such practice, if the judgment on the merits is in his favor, avail himself of it as a bar to another action, but if it should be against him he could set it aside for want of jurisdiction of his person. Hence it is said that, 'If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection.'"

It will be noticed that in the case at bar the defendant availed itself of the first opportunity to question the jurisdiction of the court over its person, and thereby in no way entered its appearance in the case.

So far as disclosed by the record, this is the only time that the defendant appeared in court in the case at bar, and therefore we do not think it can be justly claimed that the defendant submitted itself to the jurisdiction of the court. If the statements with reference to what had occurred in the court below, as sug-

gested by counsel for plaintiff in error (as to the defendant filing other motions, or otherwise appearing in the case), appeared in the record, then the conclusion of this court might be otherwise; but as we have already said, this court is bound by the record, and can not go outside of it in passing upon the questions involved in this action. We are bound by the record and must adhere thereto.

Is the affidavit defective? We think it is. We are of the opinion that the claim of counsel for plaintiff in error, that there are two grounds set forth in the affidavit for attachment, is not well taken, for the reason that the plain language of the affidavit discloses there is but one ground, to-wit, a foreign corporation.

Counsel for plaintiff in error seem to rely upon the case of *Rosenbaum* v. *Cohen*, reported in 13 C.C.(N.S.), 102, and 22 O. C. D., page 637, but we do not see how this is applicable to the case at bar, because it relates to cases in attachment before justices of the peace, and certainly has no bearing on the case at bar.

We are of the opinion that the affidavit for attachment in the present case is clearly defective, and is not sufficient in law, because it does not negative the exceptions provided in the statute, and we need but cite the case of *Leavitt & Milroy Company* v. *Rosenberg Brothers & Company*, 83 O. S., page 230, in support of same.

. We find no error in the record prejudicial to the rights of plaintiff in error, and therefore the judgment of the common pleas court should be affirmed, and said judgment hereby is affirmed.

SHIELDS, J., and POWELL, J., concur.